IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BANNER BANK,<br><br>     Plaintiff,<br><br>v.<br><br>REAL ESTATE INVESTOR EDUCATION et al,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:12-cv-763-CW<br><br>District Judge Clark Waddoups |

### INTRODUCTION

Before the court is Plaintiff Banner Bank's Motion for Summary Judgment of Defendant Loree Smith's counterclaim for breach of contract. (Dkt. No. 120.) The court held oral argument on Banner Bank's multiple motions for summary judgment on July 29, 2016 and again on February 17, 2017. (Dkt. Nos. 185 & 195.) After considering the parties' briefs and oral arguments, the court orally granted in part and denied in part both motions for summary judgment during the second hearing. (Dkt. Nos. 195 & 196.) The court reserved the issue of whether summary judgment should be granted in Banner Bank's favor as to Loree Smith's counterclaim for breach of contract. (Dkt. No. 120.) The court now DENIES Banner Bank's motion for summary judgment.

### BACKGROUND

Banner Bank claims in its Complaint that it is entitled to declaratory judgment against Loree Smith. (Dkt. No. 2.) In her Answer, Loree Smith raised a counterclaim in which she alleges Banner Bank breached its duty to her as a third-party beneficiary of the Consent, Waiver

& Release Agreement ("the Release"). (Dkt. No. 75.) Banner Bank now asks the court to grant it summary judgment on that counterclaim. (Dkt. No. 120.)

On December 31, 2010, Banner Bank entered the Release with two companies. (Dkt. No. 140, Exhibit F.) Loree Smith held an interest in one of the companies subject to the Release ("the assignor"). Through the Release, Banner Bank consented to the assignment of liability from the assignor to a second company and to the dissolution of the assignor. It also released its interest in certain collateral, including any claims it might have against Loree Smith. Specifically, Banner Bank agreed to release Loree Smith from all future "claims, controversies, disputes liabilities, obligations, demands, damages, debts, liens, actions and causes of action of any and every nature whatsoever relating to the Loan."

Despite the Release, Banner Bank recorded the Trust Deed, which encumbered a condominium that Loree Smith owned with her husband, on July 11, 2011.[1] (Dkt. Nos. 120 & 140, Exhibit A, p. 3.) Then, approximately one year later, Banner Bank named Loree Smith in the instant lawsuit, seeking declaratory judgment that Loree Smith holds no interest in the parcels subject to the Trust Deed other than one-half interest in the condominium. (Dkt. No. 2, p. 12.) Loree Smith claims Banner Bank breached the Release both by recording the Trust Deed and naming her in this suit. (Dkt. No. 75, p. 18.)

## ANALYSIS

Banner Bank now moves for summary judgment, claiming Loree Smith's breach of contract claim can be denied as a matter of law. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Loree Smith later received her husband's interest in the condominium when their divorce was finalized in 2014. (Dkt. No. 139, p. 31.)

judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Gutierrez v. Cobos*, 841 F. 3d 895, 900 (10th Cir. 2016).

Banner Bank argues it is entitled to summary judgment because Loree Smith has failed to cite an agreement between herself and Banner Bank and therefore cannot prove the first element of a breach of contract claim—that a contract exists. (Dkt. No. 120, p. 44.) It next argues that, assuming a contract exists, Loree Smith has not identified a breach of that contract. (Dkt. Nos. 120, pp. 44–45 & 164, p. 46.) But Loree Smith has alleged sufficient facts to satisfy each of the elements of breach of contract: the "existence of a contract, . . . nonperformance by [Banner Bank], and damages." *Mackay v. Cannon*, 996 P.2d 1081, 1085 (Utah Ct. App. 2000).

First, Loree Smith has alleged a contract to which she has sufficient interest to bring a claim. Under Utah law, "a third party [has] enforceable rights under a contract" if she is "an 'intended beneficiary' of the contract." *Ron Case Roofing and Asphalt Paving, Inc. v. Blomquest*, 773 P.2d 1382, 1386 (Utah 1989). To determine whether Loree Smith is an intended beneficiary of the Release, the court must look to "the terms of the contract as well as the surrounding facts and circumstances." *Id.* The Release expressly names Loree Smith, and in it Banner Bank agreed to release its interest in claims against her as consideration for accelerated payments it was to receive under the Release. (Dkt. No. 140, Exhibit F.) Thus, the terms of the contract support that Loree Smith was an intended beneficiary, and therefore she has a claim to enforce the contract.

Second, Loree Smith's counterclaim identifies multiple acts of breach by Banner Bank that the Release prohibited. Those acts include Banner Bank's having recorded the Trust Deed less than one year after entering the Release, therefore encumbering Loree Smith's title to the

condominium, and Banner Bank's having named Loree Smith in this lawsuit less than two years after entering the Release. The Release was drafted broadly, contemplating that Loree Smith was released from any lien and/or cause of action. It "RELEASE[D] and FOREVER DISCHARGE[D] Loree Smith of . . . any liens [and] actions and causes of action of any and every nature whatsoever relating to the Loan." The Loan was a loan for $2.3 million between Banner Bank and the assignor. The recorded Trust Deed was intended to secure the Loan. And this lawsuit is Banner Bank's attempt to recover on a judgment for the value of the Loan. (Dkt. No. 2.) Therefore, the recorded Trust Deed constituted a lien, which clouded Loree Smith's title, pertaining to the Loan. And the claim for declaratory judgment in this suit is a cause of action relating to the Loan.[2] Both were prohibited by the Release, and Loree Smith's allegation of them demonstrates a potential breach.

Finally, Loree Smith's counterclaim sufficiently pleads damages, and Banner Bank does not dispute that this element is met. (Dkt. Nos. 75, 120, & 164.)

Thus, Banner Bank is not entitled to judgment as a matter of law on Loree Smith's counterclaim for breach of contract, and the court DENIES summary judgment.

So ordered.

---

[2] Banner Bank claims naming Loree Smith to the suit was not a breach of the Release because Banner Bank does not seek monetary damages from her and because the court previously declined to dismiss Loree Smith. Banner Bank provides no authority or record citations for its suggestion that a claim for monetary damages should be viewed differently from a claim for declaratory judgment under the Release. And the court's decision not to dismiss Loree Smith has no bearing on whether Banner Bank violated an agreement by naming her in a suit.

DATED this 28th day of March, 2017.

                          BY THE COURT:

                          Clark Waddoups
                          United States District Judge