IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BANNER BANK,<br><br>      Plaintiff,<br><br>v.<br><br>REAL ESTATE INVESTOR EDUCATION, LLC et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:12-cv-763-CW<br><br>District Judge Judge Clark Waddoups |

  Before the court is Plaintiff Banner Bank's Motion to Alter and Amend filed April 27, 2017 (Dkt. No. 206), which asks the court to reconsider its February 21, 2017 order (Dkt. No. 196) and March 29, 2017 memorandum decision (Dkt. No. 198). The court's order and memorandum decision resolved Banner Bank's motions for summary judgment largely in Banner Bank's favor. The order denied summary judgment, however, as to Banner Bank's right to foreclose on James Smith's interest in the contested properties; and the memorandum decision denied summary judgment as to Loree Smith's counterclaim for breach of contract. The instant motion alleges that new evidence and legal citations show that Banner Bank should have been granted summary judgment on each issue. The motion has been fully briefed, and the court heard oral argument during the pretrial conference held May 23, 2017. After carefully considering the arguments set forth in the briefing and at oral argument, the court DENIES Banner Bank's motion without prejudice.

  Federal Rule of Civil Procedure 54(b) notes the authority of the court to "revise[]" "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties." "On motion and just terms," Federal Rule 60(b) authorizes the court to "relieve a party from a[n] . . . order" for any of a number of reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief."

Banner Bank has not, however, presented new evidence or pointed the court to previously undiscussed law that would require amendment of the summary judgment order and memorandum decision. First, Banner Bank seeks an order amending the February 21, 2017 order, granting summary judgment in Banner Bank's favor on its right to foreclose James Smith's interests in the properties at issue, because Oregon law provides that where handwritten and typewritten terms of an instrument are contradictory, the handwritten terms govern. (Dkt. No. 206, p. 20–21 (citing Or. Rev. Stat. Ann. § 42.270).) But the Oregon courts have only applied this statute when a contract exists and the issue before the court is instead a matter of interpretation.

For instance, in *Zygar v. Johnson*, 10 P.3d 326 (Or. App. 2000), the Oregon Court of Appeals applied Oregon Revised Statute § 42.270 to a dispute over the terms of a contract for the sale of property. *Id.* at 327. There the court noted that "buyer and sellers entered into a contract" that contained typewritten provisions with handwritten checkmarks and a handwritten term that the sale was "SUBJECT TO PURCHASER'S APPROVAL OF A PEST & DRYROT REPORT." *Id.* The parties had intended to enter a sale for the property, and the only dispute was whether the handwritten term constituted a condition precedent to the sale or if the standard printed provisions governed. *Id.* at 328. Thus the court did not have to determine whether there

was a meeting of the minds, but only whether the handwritten "portion of the contract" was enforceable. *Id.* at 329. Applying the statute, the court concluded the handwritten term did apply. *See also Pierce v. N. Pac. Ry. Co.*, 271 P. 976 (Or. 1928) (applying Or. Rev. Stat. § 42.270 when there was no explanation for handwriting on a printed contract other than that the handwriting expressed the agreement of the parties); *Emmert v. O'Brien*, 697 P.2d 222 (Or. App. 1985) (concluding the handwriting on a contract governs where it is an expression of the parties' agreement).

Here, unlike *Zygar*, the handwriting that appears on the recorded trust deed was not added upon entry of the contract but after the fact by a single party.[1] Although Banner Bank may still provide evidence that it was in fact the parties' intention for James Smith to convey his interest in the parcels regardless of whether Loree Smith signed the Trust Deed, that remains an issue of disputed fact and cannot be decided as a matter of summary judgment. Because Banner Bank has not shown that the handwriting on the Trust Deed was mutually agreed upon by the parties, and therefore it has not shown that the handwriting was an expression of the parties' agreement, this newly cited Oregon statute does not provide a basis upon which the court can amend its prior order and grant summary judgment in Banner Bank's favor.

Second, Banner Bank seeks an order amending the court's prior memorandum decision and granting it summary judgment of Loree Smith's breach of contract counterclaim. Banner Bank cites two grounds for amendment: (1) that the court previously ruled that Loree Smith was

---

[1] The court recognizes, without making any finding at this time, that Banner Bank has brought forth evidence that James Smith admitted to having executed the Trust Deed. (Dkt. No. 228, pp. 4–5 & Exhibit U.) The circumstances surrounding delivery are not, however, resolved, and James Smith's admission does not extend to the line drawn through Loree Smith's name on the first page of the Trust Deed or the X drawn through the notary block corresponding with Loree Smith's signature. Thus, Banner Bank's citations to the record do not now resolve the disputed facts regarding the validity of the Trust Deed.

properly joined as a defendant to the suit and (2) that a newly acquired title report shows James Smith's interest in the condominium was never transferred to Loree Smith.[2] Banner Bank raised its first argument in its reply memorandum in support of its motion for summary judgment. (Dkt. No. 164, pp. 46–47). Banner Bank now claims that it is not culpable for breach of contract for naming Loree Smith in a lawsuit, despite its having released all claims against her, where the court declined to dismiss her from the action. As the court noted in its memorandum decision, "the court's decision not to dismiss Loree Smith has no bearing on whether Banner Bank violated an agreement by naming her in a suit." (Dkt. No. 198, p. 4 n.2.) Whether the parties have complied with the rules of civil procedure and other governing law, which the court was at that time considering, is an separate analysis from whether the Banner Bank was contractually obligated not to name her in a lawsuit or cloud her title by filing the Trust Deed. And Banner Bank's further citation to the record of the hearing on the motion to dismiss does not change that conclusion.

Banner Bank's second argument for amendment of the memorandum decision—that the Lane County land records "conclusively reflect that James Smith's . . . interest was never conveyed"—is an overstatement of the circumstances of this case, as the newly produced title report on its own does not resolve the issue of if, and when, Loree Smith owned the condominium out right. While the newly acquired title report shows the condominium was titled in James Smith's name (Dkt. No. 206, Exhibit E), the title report does not preclude the possibility that James Smith conveyed his interest to Loree Smith without recording a new deed.

---

[2] The court does not now address Banner Bank's discussion of Loree Smith's entitlement to attorney fees should she prevail on her breach of contract counterclaim because the issue of fees was not addressed in the underlying motion for summary judgment. The court will consider the issue at such time as it is properly before the court.

Rather, the title report simply establishes Loree Smith's position in relation to a subsequent bona fide purchaser. *See* Or. Rev. Stat. § 93.640.

The title report is also contradicted by Banner Bank's own statements in its motion for summary judgment. Banner Bank stated, "On November 29, 2012, the Florida divorce court entered the Interim Order for Equitable Distribution which reflected that the condominium was distributed to Loree Smith as a partial equitable distribution in the divorce case. A copy of the Interim Order is attached as part of Exhibit W to the Appendix." (Dkt. No. 120, p. 15.) Exhibit W is in fact a copy of the Interim order, which states, "it is hereby ORDERED and ADJUDGED . . . [t]hat the properties identified . . . are hereby distributed to the Wife," including the condominium. Banner Bank's motion further notes that "[o]n December 17, 2014, a Bifurcated Final Judgment of Dissolution of Marriage Retaining Jurisdiction was entered in the Florida divorce case dissolving the marriage of James and Loree Smith. A copy of the Judgment of Dissolution of Marriage is attached to the Appendix as Exhibit X." (Dkt. No. 120, p. 15.) Exhibit X acknowledges the November 2012 agreement for partial equitable distribution and asserts that the agreement "shall remain in full force and effect as permanent Orders of the Court." Thus, Banner Bank's own statements support the fact that Banner Bank's recorded trust deed encumbered Loree Smith's undivided interest in the condominium for a substantial period and directly contradicts Banner Bank's assertions in its motion to alter that "the condominium has never been titled solely in the name of Loree Smith" and that "the Trust Deed was indeed reconveyed released from the condominium while James Smith still had a one-half legal ownership interest therein." (Dkt. No. 206, p. 16.) These remaining disputed issues of material fact must be resolved before the court can decide the legal issue.

None of Banner Bank's other arguments regarding Loree Smith's interest in the property are persuasive to require a correction of the court's prior decision as a matter of law. The fact that a divorce proceeding may be sealed has no bearing on whether it was proper to record a trust deed against a property subject to that divorce. And any such argument is undermined by the fact that Banner Bank was eventually able to acquire records of the divorce as evidenced by its having referenced the divorce documents in its motion for summary judgment. Likewise, the fact that the distribution was an interim equitable distribution subject to revision does not change the facts that Loree Smith had an interest in the property, that the interim order was not amended before Banner Bank released the condominium from the Trust Deed, and that the final dissolution of marriage made all prior partial equitable distribution agreements "permanent Orders of the Court."

In sum, the new citations and evidence that Banner Bank presents do not resolve the remaining issues of disputed fact and justify amendment of the prior rulings on summary judgment. The court will consider any such evidence and legal arguments presented by the parties during the bench trial scheduled for June 5–7, 2017. The motion to alter is DENIED without prejudice. (Dkt. No. 206.)

DATED this 23rd day of May, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge