# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BANNER BANK, successor by merger of AmericanWest Bank which formerly did business in Utah as Far West Bank,<br><br>    Plaintiff,<br><br>vs.<br><br>REAL ESTATE INVESTOR EDUCATION, LLC, a Nevada limited liability company; REAL ESTATE INVESTOR SUPPORT, LLC, a dissolved Nevada limited liability company; JAMES M. SMITH, a Utah resident, JMS MARKETING L.L.C., a Utah limited liability company; LOREE C. SMITH, an individual and JOHN DOES 1-10,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>No. 2:12-cv-00763-CW<br><br>Judge Clark Waddoups |
| JAMES M. SMITH<br><br>    Counterclaimant,<br>vs.<br><br>BANNER BANK,<br><br>    Counterclaim Defendant. | |

| | |
|---|---|
| LOREE C. SMITH,<br><br>   Counterclaimant,<br>vs.<br><br>BANNER BANK,<br><br>   Counterclaim Defendant. | |

Before the court is Loree Smith's Motion for Reinstatement Pursuant to Order Granting Motion for Relief from the Automatic Stay. (Motion, ECF No. 269.) Banner Bank opposes Ms. Smith's Motion. (Opposition, ECF No. 272.) No party has requested oral argument, and the court concludes it is unnecessary. Having fully considered the parties' briefing and otherwise being fully informed, and for the reasons stated herein, the court GRANTS Ms. Smith's Motion.

### BACKGROUND

In 2012, Americanwest Bank, Banner Bank's predecessor in interest, sued James and Loree Smith along with three LLCs with which the Smiths were associated. (Complaint, ECF No. 2.) The Complaint sought declaratory judgment against all Defendants to "determine the interrelationship between [the] Note and Loan Agreement" that the LLC Defendants had entered and that James Smith had Guaranteed. (*Id.* ¶¶ 63–67.) It also sought declaratory relief to determine that Loree Smith "does not hold any interest in any of the property [the Bank] is seeking to foreclose including the real property and personal property in South Carolina, the real property in Oregon, except for her undivided interest in Unit 7, and any interest in JMS Marketing." (*Id.* ¶ 68.) After a series of settlement discussions, Banner Bank eventually "voluntarily reconvey[ed] and release[d] the Oregon Trust Deed as it pertains to the

Condominium," which the parties agreed was the only property to which Ms. Smith had a claim. (Status Report, ECF No. 191.)

Ms. Smith raised several counterclaims in her answer, including a claim for breach of contract. (Loree Smith Answer, ECF No. 75.) In her claim for breach of contract, Ms. Smith alleged that the Bank "breached its duty to release and discharge [her] as agreed by recording an erroneous deed of trust; by perpetuating claims, controversies and disputes regarding [the Condominium] and; by filing and maintaining an action against [her] notwithstanding knowledge of its own contractual duty and its fraudulent, illegal and coercive acts and conduct." (Loree Smith Answer ¶ 28, ECF No. 75.) After considering motions for summary judgment, the court dismissed all claims other than the Bank's claim against James Smith for declaratory judgment and Loree Smith's claim against the Bank for breach of contract. (Order on Summary Judgment, ECF No. 196; Memorandum Decision and Order Denying Summary Judgment, ECF No. 198; Memorandum Decision and Order on Denying Motion to Alter Judgment, ECF No. 231.)

The court held a bench trial on the remaining two issues on June 5 through June 7, 2017. (Minute Entries, ECF Nos. 239–41.) After the presentation of evidence concluded, the court set a briefing schedule (Minute Entry, ECF No. 241) and scheduled closing arguments for October 12, 2017 (Notice of Hearing, ECF No. 264). But before closing arguments could occur, James Smith filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. (Bankruptcy Notice, ECF No. 265.) This court accordingly stayed this action.

Several months later, on January 17, 2018, Loree Smith filed a Notice of Order Granting Motion for Relief from the Automatic Stay. (Notice of Stay Relief, ECF No. 266.) The Notice represented that the Florida bankruptcy court had "entered an Order directing the lifting of the

automatic stay as provided in 11 U.S.C. § 362(a) to allow the Utah Action to proceed to conclusion." (*Id.*) But the bankruptcy court's order also stated:

> 1. The Motion is granted.
>
> 2. The automatic stay provided in 11 U.S.C. § 362(a) is lifting to allow the Movant to proceed with the Utah Action to conclusion.
>
> 3. The relief granted herein permits the Movant to seek and obtain *in rem* relief only and does not permit the Movant to seek or obtain *in personam* relief against the Debtor.

(Bankruptcy Order, ECF No. 266-1.)

Banner Bank objected to Ms. Smith's notice. (Objection, ECF No. 267.) And the court, after reviewing all documents, determined the order did not pertain to this action because the only relief the bankruptcy court granted was for Ms. Smith to bring an *in rem* claim against Mr. Smith, but Ms. Smith has no such claim in this action. Therefore, the court determined there were no claims that could proceed in this court under the bankruptcy judge's order and the stay served the goal of judicial economy because of the close relationship to the Bank's claim against James Smith. And because there was no motion before the court, the court took no action. Then four months later on April 12, 2018, Ms. Smith filed her Motion to Withdraw Bankruptcy Reference. (Motion, ECF No. 269.)

In August 2018, the parties filed status reports updating the court of the proceedings in bankruptcy court. (ECF Nos. 276 & 277.) The reports notified the court that bankruptcy proceedings were ongoing but that the Trustee had filed a "Report & Notice of Trustee's Intention to Abandon Property of the Estate," including the properties at issue in this action.

(Loree Smith's Status Report 2, ECF No. 276.) Banner Bank's report indicated that no objections had been filed and it appeared that the bankruptcy court would authorize the Trustee to abandon the eleven Oregon parcels. (Banner Bank Status Report 3, ECF No. 277.)

## ANALYSIS

A petition for bankruptcy operates as an automatic stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced before the commencement of the" bankruptcy proceeding as well as a stay of various types of proceedings against the debtor's property. 11 U.S.C. § 362(a). "The stay of section 362 is extremely broad in scope and, aside from" limited exceptions not relevant here, "applies to almost any type of formal or informal action taken against the debtor or property of the estate." *Collier on Bankruptcy*, ¶ 362.03 at 362–23. The court is fully satisfied, and no party disputes that Banner Bank's claim against James Smith falls under the automatic stay. It does not appear, however, that Loree Smith's claims against Banner Bank implicate the bankruptcy such that her claim must be stayed pursuant to the automatic bankruptcy stay.

As Ms. Smith argues, "11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants."[1] *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) ("It would make no sense to extend the automatic stay protections to solvent co-defendants. They don't need it, and at the same time it would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the

---

[1] Banner Bank correctly argues the statute also stays any proceeding related to the property, not just the debtor. (Banner Bank's Response 7, ECF No. 272.) But Loree Smith's claims arise out of a contractual waiver of claims, and do not put the property directly at issue.

5

automatic stay."). "A narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in 'unusual situations' as 'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.)) While Loree Smith's claims relate to the Bank's past claims against the Condominium, Loree Smith's claim against the Bank is not a claim against the debtor or the subject property, nor are her interests the same as James Smith's interests. Therefore, the automatic stay does not affect Ms. Smith's claims.

Nevertheless, "[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.' The granting of the stay ordinarily lies within the discretion of the district court." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). While Ms. Smith's action is not against the property, one of the ways she could prove her claim is by demonstrating that the Bank placed a lien on her property—the condominium—in violation of the Release, which implicates the validity of the Trust Deed Banner Bank recorded which is the subject of the Bank's claim against James Smith who is subject to the automatic stay. Therefore, for reasons of judicial economy, and within the court's sound discretion, the court previously concluded it would be unreasonable to decide the validity of the Trust Deed as it applies to the question of the propriety of the Bank's recording the Trust Deed on property she owned and then later decide the validity of the Trust Deed for purposes of James Smith.

The parties now report that the bankruptcy Trustee indicated his intent to abandon the relevant property. If, the property is abandoned, the issue of James Smith's ownership of the subject properties will be resolved, and the Bank's request for declaratory judgment that the Trust Deed conveyed the properties to the Bank will be moot. Therefore, the only reason to address the validity of the Trust Deed is to decide Loree Smith's claims. While the Bank argues in its status report that even if the Trustee abandons his interest that the automatic stay should not be lifted, as the court has already determined, Loree Smith is not subject to the automatic stay. Therefore, the justification for continuing the stay as to Loree Smith no longer exists and the case should be permitted to proceed.

## Conclusion

For the reasons stated herein, the court now lifts the stay as to Loree Smith. The court will hold a telephonic status conference to set oral argument on the bench trial on January 10, 2019 at 3:00 p.m. Counsel should contact chambers for instructions on how to participate.

DATED this 20th day of December, 2018.

BY THE COURT:

CLARK WADDOUPS
United States District Court Judge