# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BANNER BANK**, successor by merger of AmericanWest Bank which formerly did business in Utah as Far West Bank,<br><br>    Plaintiff,<br><br>vs.<br><br>**REAL ESTATE INVESTOR EDUCATION, LLC**, a Nevada limited liability company; **REAL ESTATE INVESTOR SUPPORT, LLC**, a dissolved Nevada limited liability company; **JAMES M. SMITH**, a Utah resident, **JMS MARKETING L.L.C.**, a Utah limited liability company; **LOREE C. SMITH**, an individual and **JOHN DOES 1-10**,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ALTER AND AMEND**<br><br><br>Case No. 2:12-cv-763<br><br><br>Judge Clark Waddoups |
| **JAMES M. SMITH**<br><br>    Counterclaimant,<br>vs.<br><br>**BANNER BANK**,<br><br>    Counterclaim Defendant. | |
| **LOREE C. SMITH**,<br><br>    Counterclaimant,<br>vs.<br><br>**BANNER BANK**,<br><br>    Counterclaimant, | |

Before the court is Banner Bank's Motion to Alter and Amend (ECF No. 294), which asks the court to alter certain findings and conclusions of law made in, and ultimately reverse, its May 6, 2019 Order (the "Order") (ECF No. 291). The Order held that because Banner Bank breached the terms of its Consent, Waiver and Release Agreement (the "Release") with Loree Smith ("Loree") and initiated, pursued, and prosecuted this action in bad faith, it was required to reimburse the reasonable attorney fees Loree Smith incurred in this action. Banner Bank asserts that certain findings and conclusions in the Order are "contrary to the pleadings, documents, materials, trial evidence and governing law" and therefore justify alteration under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated herein, Banner Bank's motion is **DENIED**.

"Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such motions, however, "are 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012). As such, Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted)). Banner Bank's motion asserts ten arguments as to why the court should alter its decision. With these standards in mind, each argument will be discussed in turn.

1. **Banner Bank incorrectly asserts that the court erroneously found that the only declaratory relief Banner Bank sought was that Loree had no ownership interest in the Eleven Parcels.**

Banner Bank argues that the court should amend the Order to correct its erroneous finding that Banner Bank only sought declaratory relief that Loree had no ownership interest in the Eleven

Parcels, because Banner Bank also sought relief against Loree as to her interests in JMS Marketing, LLC and real and personal property in South Carolina. The Order made no such finding.

While the Order was primarily focused on Banner Bank's claim regarding the Eleven Parcels, as that was the primary issue in this litigation (*see* ECF No. 256 at 14–15), it expressly recognized that this was not the only claim brought by Banner Bank. (*See* ECF No. 291 at 4 (recognizing that Banner Bank's complaint "sought, *inter alia*, . . . declaratory judgment against Loree determining that she does not hold any interest in the Eleven Parcels").) In determining that Banner Bank's action was meritless and brought in bad faith, the Court expressly considered Banner Bank's requests for relief as to Loree's interests in JMS Marketing, LLC and the South Carolina property. Nonetheless, the court takes this opportunity to clarify its ruling.

As Banner Bank submits in its motion, these two claims, like its claim regarding the Eleven Parcels, were brought "solely to certain [sic] that the Bank would not be foreclosing on Loree's marital interest, if any, in real or personal property in South Carolina, Utah and Oregon which secured its loan." (*See* ECF No. 294 at 5, n. 3.) But, as Banner Bank explicitly acknowledged, the validity of its security was governed by the status of title at the time that James Smith pledged as security his interests in the South Carolina property and JMS Marketing, LLC, so any after-obtained marital interest Loree may have received in the same could not have impacted Banner Bank's ability to foreclose. (*See* ECF No. 256 at 22 ("[T]he assertion that Loree Smith may have obtained an equitable interest in James Smith's interest in the condominium through the interim order of partial distribution made in November of 2012 or subsequent proceeding is entirely irrelevant because the Trust Deed conveyance was made when James Smith signed and had the Trust Deed delivered to the Bank in connection with closing on the 2009 loan transaction.").) Moreover, as Loree expressly recognized, "her claim to an equitable interest in marital assets

3

take[s] a back seat to legal disputes involving this property." (ECF No. 27 at 2.) Thus, the reasons Banner Bank offers for asserting these claims prove that the claims are "of little weight or importance" and have "no basis in law or fact." Those claims, like the claim regarding the Eleven Parcels, are therefore meritless. *See Fadel v. Deseret First Credit Union*, 2017 UT App 165, ¶ 32, 405 P.3d 807, 815.

Not only were these claims meritless, but they were also brought in bad faith. The relief Banner Bank sought as to Loree's interests in JMS Marketing, LLC and the South Carolina property "relat[ed] to the Loan," and Banner Bank had therefore already promised Loree that it would not bring such claims against her. (*See* Pl. Ex. 11, at ¶ 4.) As is fully discussed in the Order, by forsaking its covenant with Loree and bringing claims against her that blatantly breached the Release, Banner Bank "lacked an honest belief in the propriety of" those claims. *See Fadel*, 2017 UT App 165, ¶ 35, 405 P.3d at 815. Thus, Banner Bank's claims regarding Loree's interests in JMS Marketing, LLC and the South Carolina property were brought in bad faith and justified Loree being awarded her attorney fees pursuant to Utah Code § 78B-5-825(1). The court therefore declines to alter its judgment.

### 2. Banner Bank incorrectly asserts that the court erroneously found that Banner Bank only prevailed on its claims pertaining to the Eleven Parcels.

Banner Bank argues that the court erred in concluding that Banner Bank only prevailed on its claims pertaining to the Eleven Parcels, but the Order does not make this finding, let alone address the claims on which Banner Bank prevailed. To the extent that Banner Bank is arguing that because it prevailed on some of its claims, it, and not Loree, was the "prevailing party," so Loree cannot recover attorneys fees under Utah Code § 78B-5-825(1), that argument is meritless. Under Utah law, "[w]hich party is the prevailing party is an appropriate question for the trial court." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119, 1126–27. Because Loree's

4

breach of contract claim was the primary issue at trial, and because she prevailed on that claim, the court properly found that she was the prevailing party in this action. *See id.* at 1127 (noting that in determining which party was the prevailing party, a court may appropriately consider, among other things, "the number of claims, counterclaims, cross-claims, etc., brought by the parties" and "the importance of the claims relative to each other and their significance in the context of the lawsuit considered as a whole"). The Order therefore properly recognizes that Loree was the "prevailing party" in this action and was therefore entitled under Utah Code § 78B-5-825(1) to recover the attorneys fees she incurred in defending against Banner Bank's bad-faith action.

### 3. Banner Bank incorrectly asserts that the court erroneously found that Banner Bank would not permit Loree to be dismissed.

Again, Banner Bank attacks the merits of a conclusion that the court did not make.[1] The Order simply recognizes that Banner Bank opposed Loree's motion to dismiss, which it did, via its June 14, 2013 Memorandum in Response to Defendant Loree C. Smith's Motion to Dismiss (ECF No. 28) and its subsequent August 1, 2013, Objection and Response to Defendant Loree C. Smith's Motion Withdrawal of Motion and Memorandum in Opposition to the Improper Second Motion to Dismiss Filed by Defendant Loree Smith (ECF No. 36). While it is true that in its August 1, 2013 pleading, Banner Bank suggested that Loree should be dismissed, it predicated that suggestion with a declaration that the court "should deny Defendant's Smith conclusory and ill-supported First Motion to Dismiss on legal grounds" and conditioned it on the requirement that Loree "waive, subordinate, and disclaim any right, title or interest in the subject Property which [Banner Bank] is asserting to foreclose or executed [sic] upon." (*See* ECF No. 36 at 13–14.) Thus, it was not erroneous for the court to recognize the fact that Banner Bank opposed Loree's motion

---

[1] Banner Bank's motion neither quotes nor references the purported conclusion to which it objects.

to dismiss.  (*See* ECF No. 291 at ¶ 35.)

    **4. Because Banner Bank has previously argued that Loree was only named so that the court could determine her interests in the collateral, and this joinder was necessary, the argument is improperly raised here.**

Banner Bank argues that its action against Loree was necessary in order to determine her interest in the property.  Banner Bank has made this argument numerous times in this action (*see, e.g.*, ECF No. 256 at 10–13; ECF No. 262 at 17–18; ECF No. 263 at 52–53; ECF No. 228 at 5–8), and it was expressly addressed, and dismissed, by the Order.  (*See* ECF No. 291 at ¶ 29 (recognizing that the action was not required because, as Banner Bank acknowledged, the validity of its security liens "depended on the status of title at the time the Deed of Trust was signed and delivered").)  As such, the argument is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed.  *Nelson*, 921 F.3d at 929.

    **5. Because Banner Bank has previously argued that because Loree was a properly joined party, her joinder cannot be considered meritless or having been done in bad faith, the argument is improperly raised here.**

In a similar argument, Banner Bank asserts that its action cannot be meritless or brought in bad faith because the court determined that Loree was a properly joined party.  Banner Bank has made this argument numerous times in this action (*see, e.g.*, ECF No. 256 at 10–13; ECF No. 262 at 15–16, 19–21; ECF No. 263 at 101; ECF No. 206 at 15–16; ECF No. 228 at 5–8), and it was expressly addressed, and dismissed, by the Order.  (*See* ECF No. 291 at ¶ 10 (holding that the court's prior determination that Loree was properly joined as a party did not preclude it from finding that Banner Bank's action against her was meritless and brought in bad faith because "Banner Bank's legal right to sue Loree is separate and distinct from any consequence it may suffer as a result of it executing that right.").)  As such, the argument is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed.  *Nelson*, 921 F.3d at 929.

6

### 6. Because Banner Bank has previously argued that Loree has failed to establish that she suffered damages, the argument is improperly raised here.

Banner Bank has repeatedly argued throughout this action that Loree has failed to establish that she suffered damages as a result of Banner Bank's alleged breach. (*See, e.g.*, ECF No. 256 at 18–22, 25–26; ECF No. 263 at 85–92; ECF No. 263 at 69–76; ECF No. 262 at 13–15.) Its current argument, that Loree's sole remedy under Utah law was to prove that she suffered damages, is simply a reiteration of this argument and is therefore not appropriately raised in Banner Bank's Rule 59(e) motion. *See Nelson*, 921 F.3d at 929. To the extent that Banner Bank asserts this argument as new or distinct from those previously raised, because that argument "could have been raised" in the numerous prior briefs in which Banner Bank argued that Loree did not, and could not, establish damages, it is inappropriately raise here and is therefore dismissed. *See id.* Nonetheless, the court takes this opportunity to expressly recognize that Loree established that she suffered damages as a result of Banner Bank's breach of the Release.[2]

Under Utah law, "'[d]amages recoverable for breach of contract include both general [or direct] damages, *i.e.,* those flowing naturally from the breach, and consequential [or special] damages, *i.e.,* those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made.'" *McCleve Properties, LLC v. D. Ray Hult Family Ltd. P'ship*, 2013 UT App 185, ¶ 17, 307 P.3d 650, 657 (quoting *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 801 (Utah 1985)). Direct damages "'flow naturally from the breach of a contract,'" and "'result[] from the ordinary and obvious purpose of the contract.'" *Id*. (quoting *Ranch*

---

[2] Although Loree was awarded her attorney fees pursuant to Utah Code § 78B-5-825(1), and not as damages under a breach of contract theory, in order to prevail on her breach of contract claim, and therefore qualify as the "prevailing party" under § 78B-5-825(1), she was required to establish that she suffered damages as a result of Banner Bank's breach of the Release. She did.

7

*Homes, Inc. v. Greater Park City Corp.*, 592 P.2d 620, 624 (Utah 1979); 22 Am.Jur.2d *Damages* § 41 (2003)). In contrast, consequential, or special, damages "'flow . . . from unusual circumstances which were known to the parties when they contracted'" and "'arise from the special circumstances of the case.'" *Id.* (quoting *Ranch Homes, Inc.,* 592 P.2d at 624; 22 Am.Jur.2d *Damages* § 41).

The "obvious," and indeed the sole, purpose of the Release as it related to Loree was to ensure that Loree was released and protected from "any and all" legal claims "of any and every nature whatsoever relating to the Loan." (Pl. Ex. 11, at ¶ 4.) Thus, Banner Bank's initiation of this action against Loree was a clear violation of the Release's purpose, and the "natural" result of Banner Bank's breach was that Loree had to hire an attorney to defend her against Banner Bank's claims. Thus, Loree's claim that as a "direct" result of Banner Bank breaching the Release, she suffered damages in the form of having to "pay for a lawyer to defend [her] and represent [her] as a result of being named in [the] lawsuit" constituted a proper assertion of direct damages for a breach of contract. (ECF No. 234-1 at 5:16–6:13.) And the fact that Loree did indeed defend herself in this action proved that she suffered the general damages she claimed.

Loree established all of the elements of her breach of contract claim by proving that she was a third party-beneficiary of the Release, that Banner Bank breached the Release by initiating this action against her, that she did not invite or cause the breach, and that as a direct result of the breach, she suffered general damages in the form of having to incur legal fees to defend herself from Banner Bank's claims. The court therefore declines to alter or amend its finding that Loree established the elements of her breach of contract claim and was ultimately entitled to recover her attorney fees as a result of Banner Bank's bad faith actions.

8

### 7. Because Banner Bank has previously argued that the record does not support a finding that it concealed the Discovered Alterations, the argument is improperly raised here.

Banner Bank's argument that the record does not support a finding that it concealed the Discovered Alterations has been previously raised this argument in this action (*see, e.g.*, ECF No. 285 at 6–7; ECF No. 263 at 57–64, 105–06) and expressly rejected by the court. (*See* ECF No. 291 at ¶¶37–41.) As such, the argument is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed. *See Nelson*, 921 F.3d at 929. Banner Bank now includes, for the first time, an affidavit from an employee of Lane County, Oregon. Because it could have previously included this information in its prior addresses of this issue, the affidavit is inappropriate here. Moreover, the substance of that affidavit does not lead the court to alter its judgment, as it merely states that the Deed of Trust was recorded and of public record. The Order held that the recorded version of the Deed of Trust did not depict all of the Discovered Alterations, which were only visible on the original version of the document. (ECF No. 291 at 5–6.) Thus, Banner Bank's argument that Loree "could have easily inspected the scanned image of the [recorded] Trust Deed at any time" is irrelevant.

### 8. The fact that Banner Bank prevailed on some of its claims does not negate the meritlessness of its action.

Banner Bank's has previously argued that its action against Loree cannot be meritless because it prevailed on its claims for declaratory relief as to her interest in the South Carolina Property and JMS Marketing. (*See, e.g.*, ECF No. 262 at 15–16; ECF No. 263 at 95–99.) As such, the argument is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed. *Nelson*, 921 F.3d at 929. Nonetheless, the court finds it necessary to address, and dispose of, this assertion.

Banner Bank "prevailed" on its claim as to Loree's interest in the South Carolina

property because Loree did not oppose a joint stipulation entered into by Banner Bank and James Smith, and it "prevailed" on its claim as to Loree's interest in JMS Marketing by being awarded default judgment against JMS Marketing. But the reason that Loree did not object to the joint stipulation or put up a fight regarding JMS Marketing is because she did not have an interest in either, let alone one that could interfere with Banner Bank's lien, a fact that Banner Bank knew when it brought this action. (*See* ECF No. 256 at 22; ECF No. 27 at 2.) Thus, for reasons that are more fully discussed in Section 1, above, that Banner Bank was able to "prevail" on its requests for declaratory relief without opposition serves as a testament to the meritlessness of its claims against Loree, not as a defense to a finding that it acted in bad faith.

9. **Because Banner Bank has previously argued that it demonstrated good faith by re-conveying and releasing the deed of trust against Unit 7, the argument is improperly raised here.**

Banner Bank has previously argued that its release of the deed of trust against Unit 7 was a showing of good faith which should preclude the court from finding that it acted in bad faith. (*See* ECF No. 263 at 64–66.) As such, the argument is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed. *Nelson*, 921 F.3d at 929. Although the Order does not directly address this argument, the court expressly considered it and was not persuaded by its merits—Banner Bank's good faith in one deed does not negate its bad faith in another, and its release of the deed of trust against Unit 7 did not negate its breach of the Release or make its action against Loree meritorious.

10. **Because Banner Bank has previously argued that its action cannot be found to be meritless when it prevailed on its claim for declaratory relief, the argument is improperly raised here.**

This argument is substantively similar to that made by Banner Bank in Section 8, above, and it too has been previously raised numerous times (*see, e.g.*, ECF No. 285 at 7–8; ECF No. 262 at 19–21; ECF No. 263 at 65–66) and is therefore not appropriately raised in Banner Bank's

10

Rule 59(e) motion, and is therefore dismissed. *Nelson*, 921 F.3d at 929. This argument was considered and rejected by the court when it issued the Order.

### 11. Because Banner Bank has previously argued that its claim for declaratory relief was not brought in bad faith, the argument is improperly raised here.

Banner Bank's argument that its declaratory relief action was not brought in bad faith reiterates its arguments raised in Section 4, above, and was previously raised in this action. (*See, e.g.*, ECF No. 262 at 19–21; ECF No. 263 at 65–67, 95–108.) It was expressly rejected by the court (*see* ECF No. 291 at ¶ 29) and is not appropriately raised in Banner Bank's Rule 59(e) motion, and is therefore dismissed. *Nelson*, 921 F.3d at 929.

For the reasons stated herein, Banner Bank's motion to alter and amend (ECF No. 294) is **HEREBY DENIED**.

DATED this 12th day of August, 2019.

BY THE COURT:

Clark Waddoups
United States District Court Judge