# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BANNER BANK, successor by merger of AmericanWest Bank which formerly did business in Utah as Far West Bank,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**REAL ESTATE INVESTOR EDUCATION, LLC, a Nevada limited liability company; REAL ESTATE INVESTOR SUPPORT, LLC, a dissolved Nevada limited liability company; JAMES M. SMITH, a Utah resident, JMS MARKETING L.L.C., a Utah limited liability company; LOREE C. SMITH, an individual and JOHN DOES 1-10,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER ON REMAND FROM TENTH CIRCUIT COURT OF APPEALS**<br><br><br>**Case No. 2:12-cv-763**<br><br>**Judge Clark Waddoups** |
| **JAMES M. SMITH**<br><br>**Counterclaim Plaintiff,**<br>vs.<br><br>**BANNER BANK,**<br><br>**Counterclaim Defendant.** | |
| **LOREE C. SMITH,**<br><br>**Counterclaim Plaintiff,**<br>vs.<br><br>**BANNER BANK,**<br><br>**Counterclaim Defendant.** | |

This case is before the court on remand from United States Court of Appeals for the Tenth Circuit.[1] The Tenth Circuit reversed this court's award of attorney fees to Counterclaimant Loree Smith ("Loree") under Utah's bad faith statute, Utah Code § 78B-5-825(1), finding that the basis of the award was improper under the *Erie* doctrine because the Utah statute is a procedural attorney fee statute that cannot be used to recover fees when a federal court sits in diversity.[2] The Tenth Circuit therefore reversed and remanded the case for the court to consider whether attorney fees were appropriate under other theories that Loree had raised prior to this court's decision.[3]

Following the Tenth Circuit's reversal and remand, this court held a hearing to explore the parties' views on how to proceed in light of the Tenth Circuit's remand.[4] At the conclusion of the hearing, the court requested that the parties file supplemental memoranda.[5] After the parties filed their supplemental briefs, and the court held oral argument on the issue of awarding attorney fees to Loree.[6]

Now, having carefully considered the parties' memoranda, oral arguments, this court's previous decisions in this case, and the Tenth Circuit's Opinion, the court enters the following Memorandum Decision and Order Awarding Attorney Fees.

## I. BACKGROUND

Prior to the appeal to the Tenth Circuit, this court concluded that Plaintiff Banner Bank

---

[1] Tenth Circuit Opinion, ECF No. 316. The opinion is also found at *Banner Bank v. Smith*, 30 F.4th 1232 (10th Cir. 2022), but the court will hereafter cite to the docket in this case.
[2] Tenth Circuit Opinion, ECF No. 316 at 10 (referring to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).
[3] *Id.* at 16.
[4] Minute Entry, ECF No. 321.
[5] Docket Text Order for Additional Briefing, ECF No. 321.
[6] Minute Entry, ECF No. 329.

breached the terms of the Consent, Waiver and Release Agreement ("Release Agreement") and found that "Banner Bank (1) initiated and continued to pursue this action against Loree in bad faith, as doing so was a blatant breach of the express language of the Release [Agreement]; and (2) prosecuted this matter in bad faith by improperly concealing the alterations that it made, or directed to be made, to the Deed of Trust."[7] The court therefore determined that Loree was entitled to recover the reasonable attorney fees she incurred in this action pursuant to Utah Code § 78B-5-825(1).[8]

In a subsequent order denying Banner Bank's Motion to Alter or Amend Judgment, the court rejected Banner Bank's argument that Loree was not a "prevailing party" under Utah law based on its argument that she failed to satisfy the damages element of her breach claim.[9] The court explained that the Release's "obvious" and "sole[ ] purpose" was "to ensure that Loree was released and protected from 'any and all' legal claims 'of any and every nature whatsoever relating to the Loan.'"[10] Moreover, the court explained that "the 'natural' result of Banner Bank's breach was that Loree had to hire an attorney to defend her against Banner Bank's claims," so her attorneys' fee claim was "a proper assertion of direct damages for a breach of contract."[11] The court ultimately granted in part Banner Bank's objections regarding the reasonableness of the attorney fees requested by Loree, reducing the requested fee award by $18,000.00, for a total award of $105,550.00.[12] The court entered judgment in that amount on

---

[7] Memorandum Decision and Order, ECF No. 291 at 24-25.
[8] *Id*. at 23-25.
[9] Memorandum Decision and Order Denying Motion to Alter and Amend, ECF No. 303.
[10] *Id*. at 8.
[11] *Id*.
[12] Order Granting in Part Banner Bank's Partial Objection to the Attorney Fees Affidavit of Robert Drummond and Reducing Award of Attorney Fees, ECF No. 304 at 4-5.

August 12, 2019.[13]

On appeal, the Tenth Circuit *sua sponte* analyzed whether it was proper for this court, sitting in diversity, to have awarded fees pursuant to the Utah bad-faith statute.[14] The Tenth Circuit found that the Utah statute is procedural—rather than substantive—and that the statute conflicts with the exceptions to the federal policy encompassed in the "American Rule."[15] The "American Rule" provides that parties bear their own fees and costs in court, absent some narrow exceptions, such as a federal court's inherent power to punish bad faith by shifting fees.[16] Thus, the Tenth Circuit concluded, "this conflict between competing procedural rules—federal and state—means that Utah's law has no application in federal court."[17] Consequently, the Tenth Circuit ruled that, "§ 78B-5-825 is displaced in the federal system and district courts sitting in diversity cannot award fees under it."[18] In so ruling, the Tenth Circuit made clear, however, that:

> Our opinion is limited to the *Erie* problems raised by applying § 78B-5-825, a state procedural statute, in a diversity case. On remand, the district court remains able to award fees pursuant to the bad-faith exception to the American Rule or the sanctioning mechanism of Rule 11. Recalling how Loree briefed the case before trial, state law may also permit an award of attorneys' fees as breach of contract damages. *See, for example, Dallas Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 158 (5th Cir. 2013). We express no opinion on these options or the propriety of the district court's legal conclusions and fee calculations under § 78B-5-825.[19]

Accordingly, the court now considers whether attorney fees are available to Loree under an alternate theory.

---

[13] Judgment, ECF No. 305.
[14] Tenth Circuit Opinion, ECF No. 316.
[15] *Id*. at 13-16.
[16] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 52 (1991).
[17] Tenth Circuit Opinion, ECF No. 316 at 13.
[18] *Id*. at 15.
[19] *Id*. at 16.

## II. DISCUSSION

On remand, the court awards $105,550 to Loree on two separate grounds: under the bad faith exception to the American Rule, and, alternatively, as direct damages flowing from Banner Bank's breach of the Release Agreement.

### A. Attorney Fees Are Awarded Under the Bad Faith Exception to the American Rule

Under the traditional American Rule, the prevailing party ordinarily cannot obtain attorneys' fees from a losing party.[20] An exception to the American Rule exists, however, which allows an award of attorney fees when a party's opponent acts "'in bad faith, vexatiously, wantonly, or for oppressive reasons."[21] This "bad-faith" exception to the American Rule "reaches a court's inherent power to police itself" and serves "the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy."[22] The court recognizes that the bad faith exception is drawn very narrowly and may be applied "only in exceptional cases and for dominating reasons of justice."[23]

The instant case is one of those "exceptional cases," and the court awards attorney fees to Loree for "dominating reasons of justice." As the court previously concluded, after a three-day bench trial on Loree's counterclaims, the Bank acted in bad faith in pursuing Loree:

- Banner Banks "concealment of these alterations was intended to take unconscionable advantage of [Loree]' and therefore constituted bad faith."[24]

---

[20] *Hall v. Cole*, 412 U.S. 1, 4-5 (1973); *see also Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, (2010) (quotation marks omitted).

[21] *Hall*, 412 U.S. at 5; *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991).

[22] *Chambers,* 501 U.S. at 45-46.

[23] *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981) (quoting 6 J. Moore, Federal Practice ⁋ 54.77(2) at 1709-11 (2d ed. 1972)).

[24] Memorandum Decision and Order, ECF No. 291 at 22 (internal quotation marks omitted).

- "Banner Bank's withholding of this information from Loree until it was too late for her to conduct discovery or join parties, or even get answers as to the basis of those alterations, was unconscionable, and Banner Bank took advantage of Loree by moving to dismiss her claims and by continuing to pursue the foreclosure and sale of Unit 7 without disclosing that information. This is bad faith."[25]

- "Loree has established that Banner Bank acted in bad faith in seeking declaratory judgment against her and by concealing alterations that were made to the Deed of Trust until it was too late for Loree to utilize that information to her benefit. Loree is therefore entitled to recover the reasonable attorney fees she incurred in this action . . . ."[26]

- "Moreover, the court finds that Banner Bank initiated and continued to pursue this action against Loree in bad faith, as doing so was a blatant breach of the express language of the Release. Banner Bank also prosecuted this matter in bad faith by improperly concealing the alterations that it made, or directed to be made, to the Deed of Trust. Loree is therefore entitled to recover the reasonable attorney fees she incurred in this action . . . ."[27]

The court later denied Banner Bank's request to alter these findings in a subsequent decision.[28]

While the above findings and conclusions were made within the framework of Utah Code § 78B-5-825(1), which the Tenth Circuit has determined to be inapplicable in this diversity case, the court now reaffirms the above findings and conclusions within the framework of the bad faith exception to the American Rule. Given these findings, Banner Bank acted "in bad faith, vexatiously, wantonly, or for oppressive reasons,"[29] thereby justifying an award of attorney fees to Loree. There is clear evidence that Banner Bank's claims against Loree were "entirely without color" and were "asserted . . . for purposes of harassment or delay or other improper reasons."[30] Banner Bank acted with subjective bad faith.[31] Accordingly, the court find that the instant case is

---

[25] *Id.* at 23.
[26] *Id.*
[27] *Id.* at 24-25.
[28] Memorandum Decision and Order Denying Motion to Alter and Amend, ECF No. 303.
[29] *Hall*, 412 U.S. at 5; *Chambers,* 501 U.S. at 45–46 (1991) (internal quotations omitted).
[30] *See F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (quoting *F.T.C. v. Freecom Commc'ns Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005)); *see also Kornfeld v. Kornfeld*, 393 Fed. Appx. 575, 579 (10th Cir. 2010).
[31] *See Kornfeld,* 393 Fed. Appx. at 579.

one of the exceptional cases in which attorney fees are warranted under the narrow exception to the American Rule.

**B.    Even If Banner Bank Did Not Act in Bad Faith, Loree Is Still Entitled to Attorney Fees and Costs as Direct Damages.**

The court previously found that Loree established all of the elements of her breach of contract claim by proving that she was a third party-beneficiary of the Release, that Banner Bank breached the Release by initiating this action against her, that she did not invite or cause the breach, and that as a direct result of the breach, she suffered general damages in the form of having to incur legal fees to defend herself from Banner Bank's claims.[32] Specifically, the court stated:

> Under Utah law, damages recoverable for breach of contract include general (direct) i.e., those flowing naturally from the breach, and consequential (special), i.e., those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made. *McCleve Properties, LLC v. D. Ray Hult Family Ltd. P'ship*, 213 UT App 185 ¶17, 307 P. 3d 650, 657 (quoting *Beck v Farmers Ins. Exch*., 701 P.2d 795, 801 (Utah 1885). Direct damages "'flow naturally from the breach of a contract,'" and "'result from the ordinary and obvious purpose of the contract.'" *Id.* (quoting *Ranch Homes Inc. v. Greater Park City Corp*., 592 P. 2d 620, 624 (Utah 1979); 22 Am.Jur.2d *Damages* §41).[33]

As the court further stated, the "'obvious' and indeed sole purpose of the Release [Agreement] as it related to Loree was to ensure that she was released and protected from 'any and all' legal claims 'of any and every nature' whatsoever relating to the Loan."[34] Moreover, the court found that Banner Bank's initiation of the action against Loree was "a clear violation of the Release [Agreement's] purpose, and the 'natural' result of Banner Bank's breach was that Loree

---

[32] Memorandum Decision and Order Denying Motion to Alter and Amend, ECF No. 303 at 7-8 & n.2.
[33] *Id.* at 7-8.
[34] *Id.* at 8.

had to hire an attorney to defend her[self] against Banner Bank's claims."[35] Therefore, "the fact that Loree did indeed defend herself in this action proved that she suffered the general damages she claimed."[36] Accordingly, the court finds that Loree is entitled to her attorney fees and costs as direct damages for Banner's breach of the Release Agreement.

### III.  CONCLUSION

For the foregoing reasons, the court awards attorney fees and costs to Plaintiff Loree Smith in the previously determined amount of $105,550.00.

DATED this 11th day of February 2025.

BY THE COURT:

Clark Waddoups
United States District Court Judge

---

[35] *Id.*

[36] *Id.*; *see also Dallas Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 158-59 (5th Cir. 2013); *Espenschied Transp. Corp. v. Fleetwood Servs., Inc.*, 422 P.3d 829 (Utah 2018).